1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   BENJAMIN R. BARRON (Cal. Bar No. 257094)
4  JENNIFER L. WILLIAMS (Cal. Bar No. 268782)
   Assistant United States Attorneys
5     1400 United States Courthouse
      312 North Spring Street
6     Los Angeles, California 90012
      Telephone:  (213) 894-3542/5862
7     Facsimile:  (213) 894-0142
      E-mail:     ben.barron@usdoj.gov
8     E-mail:     jennifer.williams6@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10

11              UNITED STATES DISTRICT COURT

12        FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,     ) CR No. 11-1075(A)-SJO
                                  )
14              Plaintiff,        ) PLEA AGREEMENT FOR DEFENDANT
                                  ) VINCENT VO
15         v.                     )
                                  )
16  ARMAN GRIGORYAN, et al.,      )
                                  )
17              Defendants.       )
                                  )
18  _____     )

19

20      1.  This constitutes the plea agreement between VINCENT VO

21  ("defendant") and the United States Attorney's Office for the

22  Central District of California ("the USAO") in the

23  above-captioned case.  This agreement is limited to the USAO and

24  cannot bind any other federal, state, local, or foreign

25  prosecuting, enforcement, administrative, or regulatory

26  authorities.

27              DEFENDANT'S OBLIGATIONS

28      2.  Defendant agrees to:

a) Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form ("the information"), which charges defendant with Solicitation and Receipt of Kickbacks for the Receipt of a Benefit from a Federal Health Care Program, in violation 42 U.S.C. § 1320a-7b(b)(1)(A).

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2© are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h) Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

1    i) To agree and recommend at sentencing that, as a
2    condition of supervised release, defendant be ordered not work in
3    any capacity, paid or unpaid, for any employer or at any location
4    that stores or otherwise handles information related to health
5    care insurance (including Medicare and Medi-Cal) or that provides
6    any other medical service.

7                    THE USAO'S OBLIGATIONS

8    3.  The USAO agrees to:

9        a) Not contest facts agreed to in this agreement.

10       b) Abide by all agreements regarding sentencing
11   contained in this agreement.

12       c) At the time of sentencing, move to dismiss the
13   underlying indictment as against defendant.  Defendant agrees,
14   however, that at the time of sentencing the Court may consider
15   any dismissed charges in determining the applicable Sentencing
16   Guidelines range, the propriety and extent of any departure from
17   that range, and the sentence to be imposed.

18       d) At the time of sentencing, provided that defendant
19   demonstrates an acceptance of responsibility for the offense up
20   to and including the time of sentencing, recommend a two-level
21   reduction in the applicable Sentencing Guidelines offense level,
22   pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,
23   move for an additional one-level reduction if available under
24   that section.

25                    NATURE OF THE OFFENSE

26   4.  Defendant understands that for defendant to be guilty of
27   the crime charged in the single count of the information, that
28   is, Solicitation and Receipt of Kickbacks for the Receipt of a

3

1  Benefit from a Federal Health Care Program, in violation of Title
2  42, United States Code, Section 1320a-7b(b)(1)(A), the following
3  must be true:

4        a.   The defendant knowingly and willfully solicited or
5  received any remuneration (including any kickback, bribe, or
6  rebate) directly or indirectly, overtly or covertly, in cash or
7  in kind to another; and

8        b.   The remuneration was solicited or received in
9  exchange for referring an individual to a person for the
10  furnishing or arranging for the furnishing of any item or service
11  for which payment may be made in whole or in part under a Federal
12  health care program.

<u>PENALTIES AND RESTITUTION</u>

13
14  5.   Defendant understands that the statutory maximum
15  sentence that the Court can impose for a violation of Title 42,
16  United States Code, Section 1320a-7b(b)(1)(A), is: five years
17  imprisonment; a fine of $25,000; a three-year period of
18  supervised release; and a mandatory special assessment of $100.

19  6.   Defendant understands that defendant will be required to
20  pay full restitution to the victim(s) of the offense to which
21  defendant is pleading guilty.  Defendant agrees that, in return
22  for the USAO's compliance with its obligations under this
23  agreement, the Court may order restitution to persons other than
24  the victim(s) of the offenses to which defendant is pleading
25  guilty and in amounts greater than those alleged in the count to
26  which defendant is pleading guilty.  In particular, defendant
27  agrees that the Court may order restitution to any victim of any
28  of the following for any losses suffered by that victim as a

4

result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties presently agree that the applicable amount of restitution is approximately $13,138, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but

1  not limited to revocation of probation, parole, or supervised

2  release in another case and suspension or revocation of a

3  professional license.  Defendant understands that unanticipated

4  collateral consequences will not serve as grounds to withdraw

5  defendant's guilty plea.

6     9.  Defendant understands that, if defendant is not a

7  United States citizen, the felony conviction in this case may

8  subject defendant to: removal, also known as deportation, which

9  may, under some circumstances, be mandatory; denial of

10 citizenship; and denial of admission to the United States in the

11 future.  The court cannot, and defendant's attorney also may not

12 be able to, advise defendant fully regarding the immigration

13 consequences of the felony conviction in this case.  Defendant

14 understands that unexpected immigration consequences will not

15 serve as grounds to withdraw defendant's guilty plea.

16                           FACTUAL BASIS

17    10.  Defendant admits that defendant is, in fact, guilty of

18 the offense to which defendant is agreeing to plead guilty.

19 Defendant and the USAO agree to the statement of facts provided

20 below and agree that this statement of facts is sufficient to

21 support a plea of guilty to the charge described in this

22 agreement and to establish the Sentencing Guidelines factors set

23 forth below but is not meant to be a complete recitation of all

24 facts relevant to the underlying criminal conduct or all facts

25 known to either party that relate to that conduct.

26    At all times relevant to this plea: Medicare was and is a

27 federal health care benefit program, affecting commerce, that

28

6

1   provided benefits to persons who were over the age of 65 or

2   disabled.

3        Beginning on a date unknown, and continuing to October 27,

4   2011, various individuals operated Manor Medical Imaging, Inc.

5   ("Manor"), a purported medical clinic located in Glendale,

6   California, within the Central District of California, for the

7   purpose of defrauding Medicare, among other things.  During that

8   time, co-conspirators operating Manor paid defendant to recruit

9   Vietnamese Medicare beneficiaries ("the beneficiaries") to

10  receive unnecessary medical services at Manor, including on March

11  9, 2010.  As defendant knew, the individuals operating Manor and

12  their co-conspirators would bill and receive money from Medicare

13  related to the services provided to the beneficiaries.  Defendant

14  knew that his conduct in recruiting individuals to receive such

15  services at Manor was illegal, and accordingly defendant's

16  conduct at all times relevant to this plea was both willful and

17  knowing.  The amount paid by Medicare in connection with Manor

18  for beneficiaries that defendant recruited was at least $13,138.

19                        SENTENCING FACTORS

20       11.  Defendant understands that in determining defendant's

21  sentence the Court is required to calculate the applicable

22  Sentencing Guidelines range and to consider that range, possible

23  departures under the Sentencing Guidelines, and the other

24  sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant

25  understands that the Sentencing Guidelines are advisory only,

26  that defendant cannot have any expectation of receiving a

27  sentence within the calculated Sentencing Guidelines range, and

28  that after considering the Sentencing Guidelines and the other

                                7

§ 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level  :    6    U.S.S.G. § 2B1.1(a)(1)

Amount of Loss      :   +4    U.S.S.G. § 2B1.1(b)(1)[©]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including possession or use of an authentication feature under U.S.S.G. § 2B1.1(b)(11).

13.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a)  The right to persist in a plea of not guilty.

b)  The right to a speedy and public trial by jury.

c)  The right to be represented by counsel – and if necessary have the court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be

1  represented by counsel – and if necessary have the court appoint
2  counsel – at every other stage of the proceeding.
3              d) The right to be presumed innocent and to have the
4  burden of proof placed on the government to prove defendant
5  guilty beyond a reasonable doubt.
6              e) The right to confront and cross-examine witnesses
7  against defendant.
8              f) The right to testify and to present evidence in
9  opposition to the charges, including the right to compel the
10 attendance of witnesses to testify.
11             g) The right not to be compelled to testify, and, if
12 defendant chose not to testify or present evidence, to have that
13 choice not be used against defendant.
14             h) Any and all rights to pursue any affirmative
15 defenses, Fourth Amendment or Fifth Amendment claims, and other
16 pretrial motions that have been filed or could be filed.

17                    <u>WAIVER OF APPEAL OF CONVICTION</u>

18        16. Defendant understands that, with the exception of an
19 appeal based on a claim that defendant's guilty plea were
20 involuntary, by pleading guilty defendant is waiving and giving
21 up any right to appeal defendant's conviction on the offense to
22 which defendant is pleading guilty.

23              <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

24        17. Defendant agrees that, provided the Court imposes a
25 total term of imprisonment on all counts of conviction of no more
26 than ten months, defendant gives up the right to appeal all of
27 the following: (a) the procedures and calculations used to
28 determine and impose any portion of the sentence; (b) the term of

9

1    imprisonment imposed by the Court; © the fine imposed by the

2    court, provided it is within the statutory maximum; (d) the

3    amount and terms of any restitution order, provided it requires

4    payment of no more than $13,138; (e) the term of probation or

5    supervised release imposed by the Court, provided it is within

6    the statutory maximum; and (f) any of the following conditions of

7    probation or supervised release imposed by the Court: the

8    conditions set forth in General Orders 318, 01-05, and/or 05-02

9    of this Court; the drug testing conditions mandated by 18 U.S.C.

10   §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions

11   authorized by 18 U.S.C. § 3563(b)(7); and that defendant not work

12   in any capacity, paid or unpaid, for any employer or at any

13   location that stores or otherwise handles information related to

14   health care insurance (including Medicare and Medi-Cal) or that

15   provides any other medical service.

16        18.   Provided that all portions of the sentence are at or

17   below the statutory maximum specified above, the USAO gives up

18   its right to appeal any portion of the sentence.

19                 RESULT OF WITHDRAWAL OF GUILTY PLEA

20        19.   Defendant agrees that if, after entering a guilty plea

21   pursuant to this agreement, defendant seeks to withdraw and

22   succeeds in withdrawing defendant's guilty plea on any basis

23   other than a claim and finding that entry into this plea

24   agreement was involuntary, then (a) the USAO will be relieved of

25   all of its obligations under this agreement; and (b) should the

26   USAO choose to pursue any charge that was either dismissed or not

27   filed as a result of this agreement, then (i) any applicable

28   statute of limitations will be tolled between the date of

defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

20.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

21.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any

1  charge that was either dismissed or not filed as a result of this

2  agreement, then:

3      a) Defendant agrees that any applicable statute of

4  limitations is tolled between the date of defendant's signing of

5  this agreement and the filing commencing any such action.

6      b) Defendant waives and gives up all defenses based on

7  the statute of limitations, any claim of pre-indictment delay, or

8  any speedy trial claim with respect to any such action, except to

9  the extent that such defenses existed as of the date of

10  defendant's signing this agreement.

11      c) Defendant agrees that: (i) any statements made by

12  defendant, under oath, at the guilty plea hearing (if such a

13  hearing occurred prior to the breach); (ii) the agreed to factual

14  basis statement in this agreement; and (iii) any evidence derived

15  from such statements, shall be admissible against defendant in

16  any such action against defendant, and defendant waives and gives

17  up any claim under the United States Constitution, any statute,

18  Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the

19  Federal Rules of Criminal Procedure, or any other federal rule,

20  that the statements or any evidence derived from the statements

21  should be suppressed or are inadmissible.

22                 COURT AND PROBATION OFFICE NOT PARTIES

23      23.  Defendant understands that the Court and the United

24  States Probation Office are not parties to this agreement and

25  need not accept any of the USAO's sentencing recommendations or

26  the parties' agreements to facts or sentencing factors.

27      24.  Defendant understands that both defendant and the USAO

28  are free to: (a) supplement the facts by supplying relevant

                                    12

1    information to the United States Probation Office and the Court,

2    (b) correct any and all factual misstatements relating to the

3    Court's Sentencing Guidelines calculations and determination of

4    sentence, and © argue on appeal and collateral review that the

5    Court's Sentencing Guidelines calculations and the sentence it

6    chooses to impose are not error, although each party agrees to

7    maintain its view that the Guidelines calculations above are

8    consistent with the facts of this case.   While this paragraph

9    permits both the USAO and defendant to submit full and complete

10   factual information to the United States Probation Office and the

11   Court, even if that factual information may be viewed as

12   inconsistent with the facts agreed to in this agreement, this

13   paragraph does not affect defendant's and the USAO's obligations

14   not to contest the facts agreed to in this agreement.

15       25.   Defendant understands that even if the Court ignores

16   any sentencing recommendation, finds facts or reaches conclusions

17   different from those agreed to, and/or imposes any sentence up to

18   the maximum established by statute, defendant cannot, for that

19   reason, withdraw defendant's guilty plea, and defendant will

20   remain bound to fulfill all defendant's obligations under this

21   agreement.   Defendant understands that no one -- not the

22   prosecutor, defendant's attorney, or the Court -- can make a

23   binding prediction or promise regarding the sentence defendant

24   will receive, except that it will be within the statutory

25   maximum.

26                        NO ADDITIONAL AGREEMENTS

27       26.   Defendant understands that, except as set forth herein,

28   there are no promises, understandings, or agreements between the

                                  13

1  USAO and defendant or defendant's attorney, and that no

2  additional promise, understanding, or agreement may be entered

3  into unless in a writing signed by all parties or on the record

4  in court.

5            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

6       27.   The parties agree that this agreement will be

7  considered part of the record of defendant's guilty plea hearing

8  as if the entire agreement had been read into the record of the

9  proceeding.

10  AGREED AND ACCEPTED

11  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  ANDRÉ BIROTTE JR.
13  United States Attorney

14

15  _____          _____
   BENJAMIN R. BARRON                   Date  11/6/12
16  Assistant United States Attorney

17

18  _____          _____
   VINCENT VO                           Date  11/05/2012
19  Defendant

20

21  _____          _____
   DOMINIC CANTALUPO                    Date  11/5/12
22  Attorney for Defendant
   VINCENT VO
23

24            CERTIFICATION OF DEFENDANT

25       I have read this agreement in its entirety.  This agreement

26  has been read to me in Vietnamese, the language I understand

27  best.  I have had enough time to review and consider this

28  agreement, and I have carefully and thoroughly discussed every

1  part of it with my attorney.  I understand the terms of this

2  agreement, and I voluntarily agree to those terms.  I have

3  discussed the evidence with my attorney, and my attorney has

4  advised me of my rights, of possible pretrial motions that might

5  be filed, of possible defenses that might be asserted either

6  prior to or at trial, of the sentencing factors set forth in 18

7  U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

8  and of the consequences of entering into this agreement.  No

9  promises, inducements, or representations of any kind have been

10 made to me other than those contained in this agreement.  No one

11 has threatened or forced me in any way to enter into this

12 agreement.  I am satisfied with the representation of my attorney

13 in this matter, and I am pleading guilty because I am guilty of

14 the charges and wish to take advantage of the promises set forth

15 in this agreement, and not for any other reason.

16

17 _____        _____
   VINCENT VO                          Date  11/05/2012
18 Defendant

19                    CERTIFICATION OF INTERPRETER

20    I, Robert B. Nguyen am fluent in the written and

21 spoken English and Vietnamese languages.  I accurately translated

22 ///

23 ///

24 ///

25

26

27

28

                                15

1  this entire agreement from English into Vietnamese to defendant

2  Vincent Vo on this date.

3

4  _____          _11 - 5 - 2012_
                                             Date

5

6              CERTIFICATION OF DEFENDANT'S ATTORNEY

7       I am VINCENT VO's attorney.  I have carefully and thoroughly

8  discussed every part of this agreement with my client.  Further,

9  I have fully advised my client of his rights, of possible

10 pretrial motions that might be filed, of possible defenses that

11 might be asserted either prior to or at trial, of the sentencing

12 factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

13 Guidelines provisions, and of the consequences of entering into

14 this agreement.  To my knowledge: no promises, inducements, or

15 representations of any kind have been made to my client other

16 than those contained in this agreement; no one has threatened or

17 forced my client in any way to enter into this agreement; my

18 client's decision to enter into this agreement is an informed and

19 voluntary one; and the factual basis set forth in this agreement

20 is sufficient to support my client's entry of a guilty plea

21 pursuant to this agreement.

22

23 _____          _11/5/12_
                                             Date
24 DOMINIC CANTALUPO
   Attorney for Defendant
   VINCENT VO

25

26

27

28

                          16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,      )    CR No. 11-1075(A)-SJO
                                   )
11                  Plaintiff,     )    F I R S T
                                   )    S U P E R S E D I N G
12             v.                  )    I N F O R M A T I O N
                                   )
13  VINCENT VO,                    )    [42 U.S.C. § 1320a-7b(b)(1)(A):
                                   )    Solicitation and Receipt of
14                  Defendant.     )    Kickbacks for the Receipt of a
                                   )    Benefit from a Federal Health
15                                 )    Care Program]
    _____)

16

17        The United States Attorney charges:

18             [42 U.S.C. § 1320a-7b(b)(1)(A)]

19        On or about March 9, 2010, in Los Angeles County, within the

20   Central District of California, defendant VINCENT VO knowingly,

21   willfully, and with knowledge that it was unlawful to do so,

22   solicited and received remuneration, that is, a cash payment, in

23   return for referring an individual to Manor Medical Imaging, Inc.

24   for the furnishing and arranging for the furnishing of an item

25   and service, namely, the filling of a prescription for anti-

26   psychotic medications, for which payment was made in whole and in

27   ///

28   ///

1  part under a Federal health care program, namely, Medicare and

2  Medi-Cal.

3

4                              ANDRÉ BIROTTE JR.
                               United States Attorney
5
                               *Dorn*
6                              Dorothy C. Kim
                               Dep. Chief, Crim. Div. FOR.
7                              ROBERT E. DUGDALE
                               Assistant United States Attorney
8                              Chief, Criminal Division

9                              RODRIGO A. CASTRO-SILVA
                               Assistant United States Attorney
10                             Chief, Organized Crime Drug Enforcement
                                   Task Force Section
11
                               JENNIFER L. WILLIAMS
12                             Assistant United States Attorney
                               Organized Crime Drug Enforcement
13                                 Task Force Section

14                             BENJAMIN R. BARRON
                               Assistant United States Attorney
15                             Organized Crime Drug Enforcement
                                   Task Force Section
16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

**CERTIFICATE OF SERVICE**

I, _____REGINA AUTREY_____, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **PLEA AGREEMENT FOR DEFENDANT VINCENT VO**

**SERVICE WAS:**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

**Dominic Cantalupo**
**Law Office Of Dominic Cantalupo**
**100 Wilshire Boulevard**
**Suite 950**
**Santa Monica, California 90401**

This Certificate is executed on November 7, 2012, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
REGINA AUTREY