UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | **CR 11-01075 SJO** | Date | June 17, 2013 |
|---|---|---|---|

| Present: The Honorable | S. James Otero |
|---|---|
| Interpreter | |

| Victor Paul Cruz | Margarita Ramirez | Benjamin R Barron |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Vincent Vo | | xx | xx | Dominic Cantalupo | | xx | xx |

**Proceedings:**    SENTENCING

Hearing held.

In preparation for this proceeding the Court indicates that it has reviewed the following pleadings: The Presentence Report (PSR) [485] disclosed on 02/04/2013, and the confidential letter recommendation.  The government's sentencing position [563] filed 05/24/2013.  The government concurs with the base level of 6 as stipulated to in the plea agreement, plus a four level adjustment for loss exceeding $10,000.  The government argues that a 2-level increase should be applied pursuant to 2B1.1(b) (10) (C) because the offense involved the possession or use of any authentication feature and a two-level enhancement under § 2B1.1 (b) (11) (A) because the offense involved sophisticated means.  The Court indicates that it has previously addressed these issues in the sentencing of co-defendant (10) Mikayel Ghukasyan and incorporates its statements from that matter to this case.  The government also argues that a two-level increase should be applied under U.S.S.G. § 3A1.1(b) (1) because the "defendant knew or should have known that a victim of the offense was a vulnerable victim."  The defendant's sentencing position [570] filed 06/03/2013.  The defendant requests that the Court impose a sentence of straight probation, for a term of 24 months, with conditions that do not include a term of confinement.  Defendant asserts that an additional 4-level downward adjustment is warranted based on his minimal role in the offense.  The Court indicates that it will not rule on defendant's factual objections to the PSR because it will not change the sentence that the Court will impose.  Government's response re sentencing [583] filed 06/13/2013.  First Addendum to Presentence Report [581] and the Revised PSR [580] addressing the objections.  Defendant's objection to presentence investigation report [584] filed 06/13/2013.  Supplemental position of Defendant re: sentencing letters [585] filed 06/13/2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Supplemental sentencing information re: declaration of defendant [587] filed 06/14/2013.

Defendant acknowledges that he has reviewed the PSR with his counsel.

Defendant exercises his right of allocution.

Counsel argue.

Defendant's request that the Probation Officer revise the addendum is denied.

Defendant exercises his right of allocution.

Defendant's request for an evidentiary hearing is denied.

Having considered the sentencing factors enumerated at 18 U.S.C. § 3553(a), including the advisory guideline range of 10 to 16 months based upon an adjusted offense level of 12 and a criminal history category of I, the Court imposes the following sentence:

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

Defendant shall pay restitution in the total amount of $13,138 pursuant to 18 U.S.C. § 3663A, to the victim as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due.  The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

Defendant shall be given credit for any restitution already paid in regards to defendant's State conviction.  This adjustment shall be made by the Probation Officer.

The defendant shall make nominal monthly payments of at least $100 during the period of supervised release.  These payments shall begin 30 days after release from custody.  Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

defendant, Vincent Vo, is hereby committed on Count one of the First Superseding Information to the custody of the Bureau of Prisons for a term of 10 months. Five months of incarceration shall be served in the custody of the Bureau of Prisons, the remaining five months shall be served under home confinement with electronic monitoring.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two years under the following terms and conditions:

 1. The defendant shall comply with the rules and regulations of the U. S. Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05;

 2. The defendant shall not commit any violation of local, state or federal law or ordinance;

 3. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

 4. The defendant shall cooperate in the collection of a DNA sample from the defendant; and

 5. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

Defendant shall terminate any employment, paid or unpaid, with any medical service provider or organization that handles healthcare information, with the exception for care that he provides to his parents

IT IS FURTHER ORDERED defendant shall self-surrender himself to the institution designated by the Bureau of Prisons on or before, August 16, 2013, 12 noon. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal at Roybal Federal Building, 255 East Temple St., Los Angeles, California, 90012.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Court advises the Defendant of his right to appeal.

The bond shall be exonerated upon surrender.

In the interest of justice the Court grants the government's motion to dismiss the underlying indictment as to this defendant only.

The Court determines that the defendant is a low-risk to reoffend and low-risk in terms of any issues regarding incarceration, and therefore recommends that the Bureau of Prisons allow this defendant to serve incarceration at Terminal Island or the Metropolitan Detention Center.

|  | 1 | : | 23 |
|---|---|---|---|
| Initials of Deputy Clerk | | vpc | |